### Rich Horn v. The State.

No. 4455.  Decided January 20, 1909.

**Theft—Defendant's Right to be Represented by Counsel.**

A defendant although unlearned in the law must show fair diligence why he was not represented by counsel, and a general statement that his counsel had withdrawn from the case and that he undertook to make his own defense, without showing that he had employed counsel, their names, or when they withdrew from the case, or that he or his friends made any effort to employ other counsel, or that he asked for a postponement, is insufficient.

Appeal from the County Court of Van Zandt. Tried below before the Hon. John S. Spinks.

Appeal from a conviction of misdemeanor theft; penalty, a fine of $20 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was charged by indictment in the County Court of Van Zandt County, with the theft of one clock and two lap robes. This property, it was shown, belonged to one Gean Sayers, who kept a livery stable in the town of Wills Point. On February 18, 1908, appellant was in this livery stable and fed his horse there. That evening the property was missing, and within a few days appellant was apprehended and the property found in his possession. He claimed to have traded a silver watch for the clock, but was unable to account for the fact that the lap robes were in his buggy on his return to the place where he was staying, but claimed that he did not know how they came there. The jury found against him and assessed his punishment at a fine of $20 and twenty days in the county jail.

1. In his motion for new trial there are two grounds assigned why this verdict and judgment should be set aside. One was because the verdict and judgment had done him a great and irreparable injury in adjudging him guilty when in fact he was innocent of said charge, and upon a fair trial with all the facts proven he could and would establish his innocence. The main ground of the motion is, that he was not represented by counsel, and this without his fault; that immediately after his arrest he had employed counsel, explained to them the facts and circumstances of his case, and gave them a list of his witnesses and relied upon them to prepare his case for trial, and he so depended upon them until court was in session and the State docket was being called for trial, when to his surprise his counsel withdrew from the case. That he had no money at the time with which to employ other counsel, nor was he acquainted with any other members of the bar present, was a stranger in Canton where his trial was had, and none of his friends were present, nor had any of his witnesses been summoned. That he undertook to make his own defense; that the attorneys now representing him had been employed since his conviction by his friends. That the State's case consisted of proof that the articles charged to have been stolen were taken from Sayers' stable in Wills Point, some time in the evening or early part of the night of Tuesday, February 18, 1908; that he can prove by credible witnesses (white citizens) that as to the lap robes, he disclaimed any knowledge as

to how they came to be in his buggy until the next morning, and declared his purpose to take them back to Wills Point and find the owner and return them to him. That he was very drunk the evening the articles were missed, and when he reached the home of L. G. Luttrell where he lived, he was still drunk, and that he openly and positively claimed to have traded his watch and chain for the clock charged to have been stolen, which is true; that he previously owned a watch and took it with him on his trip to Wills Point and returned with the clock and without the watch. These facts are supported by accompanying affidavits of witnesses named.

We think the motion is so wholly lacking in diligence as that the court was warranted in overruling it. In the first place, the motion does not name the attorneys whom it is stated appellant had employed, and gave the court no information or data from which the truth of this matter could be ascertained. It is not stated when they withdrew from the case, nor the date of such withdrawal with reference to the time when the case was called. It is not stated that he made any attempt or effort to employ other counsel or any inquiry with reference to other counsel available. It is not shown that he asked for any postponement in order to permit him, or his friends, to employ counsel, procure the presence of witnesses; nor indeed, is there any diligence shown, except the general statement that his counsel had withdrawn from his case, and that he undertook to make his own defense. Of course, he must have known at the time of the trial, the facts which it is averred could be proved; indeed, he testified to them on the trial in his own behalf. Naturally a defendant, unlearned in the law should not be held to that high degree of diligence which we would expect from counsel, advised as to the matters of practice; but certainly some fair diligence must, in the nature of things, be required from every litigant. We do not believe, as presented here, that the diligence was such as would require the court to set aside the conviction and grant a new trial.

Finding no error in the proceedings of the court below, the judgment is affirmed.

*Affirmed.*